GARY E. REBENSTORF
City Attorney
KELLY J. RUNDELL
Senior Assistant City Attorney
City Hall - 13th Floor
455 North Main
Wichita, Kansas   67202-1635
(316) 268-4681
FAX: (316) 268-4335

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TOMMY E. FULCHER, et al, | |
| | COMPLAINT-CLASS ACTION |
| Plaintiffs, | FOR CIVIL RIGHTS |
| | VIOLATIONS |
| vs. | Case No. 06-2095-JWL-DJW |
| CITY OF WICHITA, et al, | |
| Defendants. | |

## PROTECTIVE ORDER

NOW, on this 16th day of July 2006, the above matter comes before the court upon request of the parties for a protective order.  Plaintiffs appear by and through their counsel, Lawrence W. Williamson, Jr. and Uzo L. Ohaebosim, of Shores, Williamson and Ohaebosim, L.L.C.  Defendants appear by and through their attorney, Kelly J. Rundell.

To protect the privacy of the litigants, the privacy of persons unrelated to the case pending and the confidential nature of personnel files, internal investigations of the Wichita Police Department and criminal investigations of individuals who are not a party to this action, a protective order is appropriate.

1

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED, the following protective order be entered:

1.      Any personnel files, internal affairs files, professional standard investigations or Wichita police department records, or portions thereof, of persons other than plaintiffs, and any other documents subject to this Protective Order by court order, shall be deemed "Confidential Material" and shall be treated as being confidential.

2.      Confidential Material shall only be used in the prosecution and defense of the claims in this case and shall not be used for any other purpose; Confidential Material shall not be disclosed to any party, attorney or person, in this case except as provided herein.

3.      In Order to limit the volume of Confidential Material to be copied, defendant shall allow plaintiffs' counsel to view the originals of the Confidential Material being produced.  This review and inspection shall take place at the office of the City's attorney.  Plaintiffs' counsel shall use their best effort to limit the portions of the Confidential Material copied for plaintiffs' counsel.  Plaintiffs' counsel shall pay the City for the cost of copying.  Confidential Material shall be marked in a manner that will identify the source of the Confidential Material as governed by this Protective Order.

4.      Any Confidential Material produced pursuant to this Order shall be stored under the direct control and supervision of counsel in this case who shall be responsible for preventing disclosure thereof, except in accordance with the terms of this Protective Order.  Counsel may receive one copy of the Confidential Material and

shall not reproduce that material or copy the same except for use as exhibits in depositions or at trial, or for attachment, under seal, to pleadings or briefs in this case, as provided in paragraph 5 below. Within sixty (60) days after the conclusion of this case and any appeal, all Confidential Materials covered by this Protective Order and all copies thereof, shall be returned to the City of Wichita. This Protective Order shall remain in effect after the conclusion of this case.

5.      No attorney or party shall copy, turn over, disclose or make available to any person any of the Confidential Materials covered by this order except as stated herein.

6.      Confidential Material produced pursuant to this order and any information gathered therefrom shall only be disclosed to the following persons in connection with proceedings in this case:

A.      The parties to this litigation;

B.      The attorneys for parties in this litigation and their clerical and support staff;

C.      The judges in this litigation, the judges' staff and other court personnel as the court deems appropriate;

D.      Individuals identified as expert witnesses, either consulting experts or testimonial experts, provided that such expert witnesses are advised of the terms of this Protective Order and are instructed not to disclose the documents or information covered by this order except as allowed by this Protective Order.

7.      No Confidential Material shall be attached to any pleading or briefs filed in the court file in this case except under seal.  Any party seeking to file confidential materials under seal must first file a motion with the Court and be granted leave to file the particular document under seal.  To file a document under seal, it must be placed in a sealed envelope on which is shown the case name and number, the name of the pleading or brief for which the documents are being submitted, and a statement that the materials contained therein are being filed under seal pursuant to the terms of this Protective order.  The parties shall cooperate in establishing the method for use of any Confidential Material in depositions taken in this case, included in the sealing of any Confidential Material used as a deposition exhibit, and the sealing of any portions of depositions, which recite or disclose the substance of Confidential Materials.

8.      The restrictions set forth in this order shall not apply to Confidential Materials or information contained therein that:

A.      Was, is or becomes public knowledge, by means which are not in violation of the terms of this Protective Order;

B.      Is acquired from a third party having the right to disclose such information or material; or

C.      Was lawfully possessed by the party prior to entry by the Court of this Protective Order;

9.      Any party may seek modification of this Protective Order by agreement of all parties, or failing agreement, by motion to the Court.

10.    Plaintiffs' counsel, all attorneys and support staff in their office, are precluded from disclosing, utilizing or referencing any confidential materials or any information contained therein in any current or subsequent criminal or civil case in which plaintiffs' counsel or another attorney in their office may be appointed or retained.

11.    Prior to seeking the disclosure in any subsequent or current civil or criminal case, of any Confidential Materials reviewed or received by plaintiffs' counsel in this litigation, plaintiffs' counsel will notify the City of Wichita's Law Department of any such request made pursuant to K.S.A. 22-3212, Federal Rule of Criminal Procedure 16 or any other applicable federal or state law.  The obligation of counsel to notify the City shall be continuing in nature until such time the Court determines that such notification of the request is no longer necessary.

12.    A copy of this Protective Order shall be delivered to the Sedgwick County District Attorney's Office, United States Attorney's Office and the Wichita City Attorney's Office by defense counsel.

13.    Plaintiffs' counsel, attorneys in their office and any co-counsel in a pending or subsequent criminal or civil case, are precluded from utilizing or referencing any information gathered, obtained or gleaned from Confidential Materials when questioning or examining a Wichita Police Department officer in such case.  Such prohibition will not apply if counsel can articulate an independent source as a basis for such information or inquiry.

14.    The Court may enter whatever additional orders and/or sanctions it deems appropriate in order to secure the confidentiality and/or Confidential Materials

and information contained therein which are produced pursuant to this order or which are necessary to address any violation of this order.

IT IS SO ORDERED.

Dated this 16th day of August 2006.


David J. Waxse
U. S. Magistrate Judge

Approved:


s/Lawrence W. Williamson, Jr.
Lawrence W. Williamson, Jr. #21282
Uzo L. Ohaebosim #20983
Attorneys for Plaintiffs



s/Kelly J. Rundell
Kelly J. Rundell             #12386
Senior Assistant City Attorney
Attorney for Defendants