DJW/1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TOMMY FULCHER, et al.,**

     **Plaintiffs,**

                **CIVIL ACTION**

**v.**

               **No. 06-2095-EFM-DJW**

**CITY OF WICHITA, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Responses to Discovery (doc. 36). Plaintiffs seeks to compel Defendants to respond to certain requests for production and requests for admission.

The Court denies Plaintiffs' motion without prejudice for two reasons.  First, Plaintiffs fail to comply with the conference requirements set forth in Federal Rule of Civil Procedure 37(a)(1) and D. Kan. Rule 37.2.  Rule 37(a)(1) provides that any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[1]  In a similar vein, D. Kan. Rule 37.2 provides that the Court will not entertain any motion to resolve a discovery dispute pursuant to Federal Rule of Civil Procedure 37 unless the movant has made a "reasonable effort to confer" with the opposing party.[2]  Furthermore, D. Kan. Rule 37.2 states that the certification required by Rule 37 "shall describe with particularity the steps taken by all counsel to resolve the issues in dispute."  D. Kan. Rule 37.2 states that a "reasonable effort to confer"

---

[1]Fed. R. Civ. P. 26(c)

[2]D. Kan. Rule 37.2.

requires the parties to "converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[3]

Here, Plaintiffs do not attach a separate certificate of compliance to their motion or supporting memorandum, nor do Plaintiffs describe in their briefing any steps that their counsel took to confer with Defendant's counsel regarding the matter at issue. In short, there is nothing in the record indicating that the parties have conversed, conferred, compared views, or deliberated about the issues set forth in Plaintiffs' Motion to Compel or that they have made a good faith attempt to do so. Accordingly, the Court finds that Plaintiffs have failed to satisfy the conference requirements, and it will decline to rule on the Motion to Compel on this basis.

Secondly, the Court declines to rule on the Motion to Compel because Plaintiffs have failed to comply with D. Kan. Rule 37.1. That rule states that any motion brought under Federal Rule of Civil Procedure 37 which is directed at requests for production or requests for admission "shall be accompanied by copies of . . . the portions of . . . the requests or responses in dispute."[4] In the case at bar, Plaintiffs fail to attach both the requests and the responses/objections at issue. While Plaintiffs appear to set forth the requests verbatim in the body of their supporting memorandum, they merely summarize and paraphrase Defendant's responses and objections. This is not sufficient to comply with D. Kan. Rule 37.1.

In light of the above, the Court will deny Plaintiffs' Motion to Compel Responses to Discovery. Said denial shall be *without prejudice* to Plaintiffs refiling their motion after counsel have conferred or made a reasonable effort to confer in accordance with the above-cited rules.

---

[3]*Id.*

[4]D. Kan. Rule 37.1(a).

Counsel for the parties shall confer within **eleven days** of this Order, and any renewed motion to compel shall be filed within **fourteen days** of this Order.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Responses to Discovery (doc. 36) is denied *without prejudice* to Plaintiffs refiling the motion after Plaintiffs have satisfied the conference requirements under Federal Rule of Civil Procedure 37(a) and D. Kan. Rule 37.2.

**IT IS FURTHER ORDERED** that counsel for the parties shall, within **eleven days** of this Order, confer regarding the issues raised in the motion, and any renewed motion to compel shall be filed within **fourteen days** of this Order.

**IT IS FURTHER ORDERED** that Plaintiffs shall attach to the renewed motion to compel copies of the discovery requests and the responses and objections thereto which are at issue in the motion to compel.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of December 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties